HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH BROWN,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION,

    Defendant.

Case No. 2:21-cv-00326-RAJ

ORDER

This matter comes before the Court *sua sponte*. Dkt. ##1, 4. For the reasons below, the Court **DISMISSES** *pro se* Plaintiff Elizabeth Brown's ("Plaintiff") complaint with leave to amend.

On March 8, 2021, Plaintiff filed a complaint against the United States Department of Education. Dkt. # 1-1. She also filed an application to proceed in *forma pauperis*. Dkt. # 1. The Honorable Michelle L. Peterson granted Plaintiff's application. Dkt. # 3.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. Upon permitting a plaintiff to proceed *in forma pauperis*, the Court is subject to certain requirements set forth under 28 U.S.C. § 1915(e)(2)(B). Among these requirements is the Court's duty to dismiss the plaintiff's case if the Court determines that the complaint fails to state a claim upon which relief may be granted: "the court shall

ORDER – 1

dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Here, Plaintiff appears to allege that her due process rights have been violated. Dkt. # 1-1 at 3. She states her claim as follows:

> Dept. of Education case # 160303001821 (2016). Advised by the police, in Concord, Ma that this is a federal matter; my daughter's forgery, loss of scholarship money, and my 93 year old grandfather having to pay more resulting in numerous family division.

Dkt. # 1-1 at 5. Plaintiff seeks relief in the amount of $23,000,000. *Id.* She describes the relief she seeks as "[m]e, my father, mother and my 93 year old grandfather aren't invited to my daughter's, 23 year old, Jennifer Brown's wedding, but my ½ sister is and 2 cousins. Lost concept of right from wrong to establish justice." *Id.*

ORDER – 2

Plaintiff does not allege any facts supporting a claim for a violation of due process rights or any other rights. The Court is unable to discern any claim of wrongdoing against Defendant United States Department of Education. Plaintiff cites to what appears to be an administrative case but fails to provide any facts about the case or explanation of its relevance to her claim before the Court. Absent any factual allegations, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. 550 U.S. at 568. The Court must dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, however, may amend the complaint. "Unless it is absolutely clear that no amendment can cure the defect . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). The Court therefore grants Plaintiff **twenty-one (21) days** to file an amended complaint that states a valid claim for relief. If Plaintiff fails to timely comply with this Order by filing an amended complaint that corrects the deficiencies noted above, the Court will dismiss this action without leave to amend.

For the reasons stated above, the Court **DISMISSES** Plaintiff's complaint. **Within twenty-one (21) days from the date of this Order**, Plaintiff may file an amended complaint addressing the deficiencies addressed above. If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a cognizable claim for relief or is otherwise untenable under § 1915(e), the Court will dismiss the action.

DATED this 14th day of July, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3