HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH BROWN,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION,

    Defendant.

Case No. 2:21-cv-00326-RAJ

ORDER

This matter comes before the Court *sua sponte*. Dkt. ##1, 10. On March 8, 2021, Plaintiff Elizabeth Brown ("Plaintiff") filed a complaint against the United States Department of Education ("Defendant"). Dkt. # 1-1. She also filed an application to proceed in *forma pauperis*, Dkt. # 1, which was granted, Dkt. # 3. The Court then dismissed the *pro se* complaint with leave to amend pursuant to 28 U.S.C. § 1915(e) on July 14, 2021. Dkt. # 9. Plaintiff timely filed an amended complaint. Dkt. # 10. Having reviewed the amended complaint, the Court concludes that, despite amendment, Plaintiff's complaint still fails to state a claim on which relief may be granted.

As noted in its prior order, the Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. Upon permitting a plaintiff to proceed *in forma pauperis*, the Court is subject to certain requirements set forth under 28 U.S.C. § 1915(e)(2)(B).

ORDER – 1

1  Among these requirements is the Court's duty to dismiss the plaintiff's case if the Court
2  determines that the complaint fails to state a claim upon which relief may be granted.  *See*
3  28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.
4  2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed
5  by prisoners").

6  "The legal standard for dismissing a complaint for failure to state a claim under 28
7  U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal
8  Rule of Civil Procedure 12(b)(6)."  *Day v. Florida*, No. 14-378-RSM, 2014 WL
9  1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129).  Rule
10 12(b)(6) permits a court to dismiss a complaint for failure to state a claim.  The rule
11 requires the court to assume the truth of the complaint's factual allegations and credit all
12 reasonable inferences arising from those allegations.  *Sanders v. Brown*, 504 F.3d 903,
13 910 (9th Cir. 2007).  The plaintiff must point to factual allegations that "state a claim to
14 relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).
15 Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint
16 liberally.  *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing
17 *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

18  Here, Plaintiff claims that her daughter forged Plaintiff's signature on her FAFSA
19 form.  Dkt. # 10 at 5.  On March 3, 2016, Plaintiff reported the matter to police in
20 Concord, Massachusetts, who advised her "to file a report with FAFSA." *Id.* at 7.  She
21 then contacted Defendant to report the matter and was assigned a case number.  *Id.*
22 Plaintiff claims that Defendant "neglected to resolve" the case, and that her daughter
23 "was never brought to justice in a court of law for fraudulently signing [Plaintiff's] name
24 on the FAFSA form." *Id.*

25  Plaintiff next describes her relationship with her daughter, whom she has not seen
26 or spoken with regularly in several years.  *Id.* at 8.  Plaintiff notes that Plaintiff was
27 "under an abnormal amount of elevated stress" and underwent several surgeries and

28 ORDER – 2

1  hospitalizations beginning in 2016.  *Id.*  She claims she experienced suicidal feelings due
2  to high levels of "mental unrest," and had attempted suicide on at least one occasion.  *Id.*
3  at 9.

4  Turning to back to Defendant, Plaintiff claims that its failure to respond to her
5  case made it impossible "to determine the amount of scholarship money that [her
6  daughter] could have obtained had the FAFSA form not been processed and accepted by
7  [Defendant]."  Plaintiff alleges that her grandfather paid money out of his pension "due to
8  this scholarship loss," and that this created tension between Plaintiff and members of her
9  family.  *Id.* at 10.

10  Plaintiff claims that her due process rights have been violated and seeks relief in
11  the amount of $23,000,000.  *Id.* at 3, 5.  She explains that "[t]he number 23 can be
12  associated with [her] daughter's current age, and exemplary damages that are continuing
13  to persist."  *Id.* at 5.  She describes the relief she seeks as "[m]e, my father, mother and
14  my grandfather aren't invited to my daughter's wedding, but a half-sister . . . has, 2
15  cousins, family division.  Lost concept of right from wrong to establish justice."  *Id.*

16  Despite the addition of factual allegations, Plaintiff does not allege any facts
17  supporting a claim for violation of due process rights.  Under the Fifth and Fourteenth
18  Amendments, neither the federal nor state governments may deprive a person of life,
19  liberty, or property without due process of law.  *See* U.S. CONST. amend. XIV.  Here,
20  Plaintiff has not alleged that she has suffered a deprivation based on Defendant's
21  conduct.  While Plaintiff claims to have suffered "mental unrest" and "elevated stress"
22  caused by her strained relationship with her daughter, she fails to state how the
23  Department of Education's conduct has deprived Plaintiff of her rights.  Plaintiff's
24  allegations involve a family matter, not a legal claim on which relief may be granted.

25  Absent any factual allegations supporting a due process claim, the Court finds that
26  Plaintiff has again failed to state a claim upon which relief may be granted.  550 U.S. at
27  568.  Pursuant to § 1915(e)(2)(B)(ii), the Court must dismiss the complaint for failure to

28  ORDER – 3

state a claim.  Finding that Plaintiff cannot cure the deficiencies of the complaint through amendment, the Court now **DISMISSES with prejudice** Plaintiff's amended complaint. Dkt. # 10.

DATED this 18th day of October, 2021.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4